(116 So. 164)

### BENEFIT ASS'N of RY. EMPLOYEES v. ARMBRUSTER. (6 Div. 979.)

Supreme Court of Alabama. March 22, 1928.

**1. Insurance ☞629(1)—Code form of complaint on life insurance policies does not apply to suit on accident policy.**

In suit upon accident policy of insurance, code form of complaint on life insurance policy does not apply.

**2. Pleading ☞8(7)—Count on accident policy not yet issued at time of accident, which merely averred that accident occurred during life of policy, without stating facts showing compliance with contract, held demurrable.**

In suit on accident policy, count merely alleging that accident and death occurred "during the life of the policy," without setting forth facts showing such compliance with contract as to render it in force at time of accident, *held* demurrable, especially where complaint showed that accident occurred before policy was issued; averment as to time of occurrence of accident being a mere conclusion.

**3. Pleading ☞34(4)—Complaint is strictly construed against pleader on demurrer.**

Complaint must be strictly construed against pleader, and inferences will not be indulged to uphold it against proper ground of demurrer.

**4. Insurance ☞668(11)—Question whether insured while being taken to hospital for appendicitis, accidentally ruptured appendix from jolt in ambulance, hastening death, held for jury in action on policy covering loss resulting exclusively from accidental injuries.**

In action on policy of accident insurance for insured's death, alleged to have resulted from being jolted off seat in ambulance causing rupture of appendix while he was on his way to hospital for appendicitis, question whether there was an accident and whether the injury hastened the death of insured *held* for jury, under policy covering loss resulting directly and exclusively from bodily injury sustained through external, violent, and accidental means; such policy being construed as allowing recovery where accident was proximate, though not exclusive, cause of death.

**5. Evidence ☞506, 552—Experts unacquainted with disputed facts may not express opinion thereon, but may answer hypothetical questions.**

Experts, where unacquainted with facts in question, are not allowed to express opinion when there is dispute as to the facts, but may be examined hypothetically.

**6. Evidence ☞552—Examination of physician as to whether accident caused death held proper where physician had knowledge of facts hypothesized in question.**

In action on accident policy for alleged accidental death of insured, examination of physician as to whether, from his knowledge as a physician and knowledge of the patient, of his trouble, and of operation, insured died as result of accident *held* proper where facts were based upon physician's own knowledge.

**7. Trial ☞191(3)—Instruction in action on accident policy that injury which resulted from fall was received through accidental means held erroneous as assuming injury.**

In action on policy of accident insurance, instruction that, if deceased received fall or jar from incident which occurred, "then the injury which resulted from such incident was received through accidental means" *held* erroneous as assuming that injury was sustained.

**8. Appeal and error ☞1064(1)—Insurance ☞669(11)—Instruction permitting recovery on accident policy for death of insured if caused by accidental rupture of appendix held not to present reversible error.**

In action on accident policy, instruction that jury's verdict should be for plaintiff if they believed death of insured was directly and solely caused by accidental rupture of appendix *held* not to warrant reversal, though accident might have been more properly defined.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by Hattie Armbruster against the Benefit Association of Railway Employees. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Assignments 16, 17, 18, and 19 are as follows:

"(16) For that the trial court erred in overruling the objection of the defendant to the following question propounded by counsel for the plaintiff to the witness Dr. L. Cocciola:

" 'Q. (By Mr. Black): Is it your best judgment as a physician, from what you saw there, and your knowledge of medicine, and from the complaint before and afterwards, that when it threw him down and he had that accident, the appendix burst?'

"(17) For that the trial court erred in overruling the motion of the defendant to exclude the answer of the witness Dr. L. Cocciola, which answer was 'Yes, sir,' to the question set forth in assignment of error 16.

"(18) For that the trial court erred in overruling the objection, separately and severally, of the defendant to the following question pro-

pounded by counsel for the plaintiff to the witness Dr. L. Cocciola:

" 'Q.　State whether or not, from your knowledge as a physician and surgeon, your knowledge of your patient, your knowledge of his trouble, your knowledge of what happened on the ambulance, your knowledge of the operation, your knowledge of what you saw after the operation, and your knowledge as a doctor, he died as a result of this accident?'

"(19) For that the trial court erred in overruling the motion made by the defendant to exclude the answer of the witness Dr. L. Cocciola, which answer was, 'Certainly, he dies from this accident, from this trouble,' to the question set forth in assignment of error 18."

Charges 18 and 10, given for plaintiff, and made the basis of assignments 9 and 10, are as follows:

" '(18). The court charges the jury that if they find from the evidence that the decedent, Armbruster, did receive a fall or a jar from an incident which occurred, and which incident was something unforeseen, unexpected, unusual, *then the injury which resulted from such incident was received through accidental means.'* "

" '(10). The jury is instructed that if they believe from the evidence that the death of Armbruster was directly and solely caused by the accidental rupture of his appendix or an abscess related to his appendix, then their verdict would be for the plaintiff on this complaint, and this is true, notwithstanding that the jury further believe from the evidence that said appendix or abscess related to the appendix at the time of the rupture was diseased.' "

London, Yancey & Brower and Jim C. Smith, all of Birmingham, for appellant.

It was necessary that the complaint aver facts showing the policy was in full force and effect and covered the period for which compensation was sought. Penn. Cas. v. Perdue, 164 Ala. 508, 51 So. 352; Nat. Life Ins. Co. v. Lokey, 166 Ala. 174, 52 So. 45; U. S. H. & A. Ins. Co. v. Savage, 185 Ala. 232, 64 So. 340; Gilliland v. O. R. C., 216 Ala. 13, 112 So. 225; U. S. H. & A. Co. v. Veitch, 161 Ala. 630, 50 So. 95; Locomotive Engineers' Mut. Life & Accident Ins. Ass'n. v. Hughes, 201 Ala. 58, 77 So. 352; Life & Casualty Ins. Co. v. Foster 212 Ala. 70, 101 So. 765; Nat. Life & Acc. Ins. Co. v. Hannon, 212 Ala. 184, 101 So. 892. A complaint is construed most strongly against the pleader on demurrrer. City of Tuscaloosa v. Fitts, 209 Ala. 635, 96 So. 771. Charges 18 and 10 were erroneously given for plaintiff. Continental Cas. Co. v. Paul, 209 Ala. 166, 95 So. 814, 30 A. L. R. 802; Alexander v. W. O. W., 161 Ala. 561, 49 So. 883; Hotel Tutwiler v. Evans, 208 Ala. 252, 94 So. 120; Feore v. Trammel, 213 Ala. 293, 104 So. 808; Olinsky v. Ry. Mail Ass'n, 182 Cal. 669, 189 P. 835, 14 A. L. R. 784; Rock v. Travelers' Ins. Co., 172 Cal. 462, 156 P. 1029, L. R. A. 1916E, 1196; Reaves v. Maybank, 193 Ala. 614, 69 So. 137; Life & Cas. Co. v. Street, 213 Ala. 588, 105 So. 672; Ham Co. v. Mizell, 215 Ala. 143, 110 So. 372. A medical expert should not

be allowed to state, over objection, what in his judgment was the cause of death; same being a conclusion on a matter directly in issue. Travis v. L. & N., 183 Ala. 415, 62 So. 851; Heralds of Liberty v. Collins, 216 Ala. 1, 110 So. 283; Int. C. M. Co. v. Ind. Comm., 293 Ill. 524, 127 N. E. 703, 10 A. L. R. 1010. Where the insured, at the time he receives an injury, is suffering from an active disease or defect, which, acting with the injury as a contributing factor, brings about the death, or when such existing active disease or defect aggravates the effect of the injury, or the injury aggravates the effect of the active disease, and both, acting together, cause death, the injury is not the sole cause of the death. The affirmative charge should have been given for defendant. Leland v. United Com. Travelers, 233 Mass. 558, 124 N. E. 517; Penn. v. Standard L. Ins. Co., 160 N. C. 399, 76 S. E. 262, 42 L. R. A. (N, S.) 597; Penn v. Standard L. & A. I. Co., 158 N. C. 29, 73 S. E. 99, 42 L. R. A. (N. S.) 593; Stanton v. Travelers' Ins. Co., 83 Conn. 708, 78 A. 317, 34 L. R. A. (N. S.) 445; Binder v. National Masonic Acc. Ass'n, 127 Iowa, 25, 102 N. W. 190; White v. Standard Life & Acc. Ins. Co., 95 Minn. 77, 103 N. W. 735, 884, 5 Ann. Cas. 83.

Black & Fort and G. Ernest Jones, all of Birmingham, for appellee.

On the question of the refusal of the affirmative charge to defendant, counsel cite U. S. F. & S. Co. v. Hood, 124 Miss. 584, 87 So. 119, 15 A. L. R. 605; Horsfall v. Pacific Mutual, 32 Wash. 132, 72 P. 1028, 63 L. R. A. 425, 98 Am. St. Rep. 846; Modern Woodmen Acc. Ass'n v. Shryock, 54 Neb. 250, 74 N. W. 607, 39 L. R. A. 826; Stanton v. Travelers' Ins. Co., 83 Conn. 708, 78 A. 317, 34 L. R. A. (N. S.) 445; Cont. Co. v. Lloyd, 165 Ind. 52, 73 N. E. 824; Stand. Acci. Ins. Co. v. Hoehm, 215 Ala. 109, 110 So. 7.

ANDERSON, C. J. [1-3] This is a suit upon an accident policy of insurance, and the code form of complaint on life insurance policies (form 12) does not apply. Gilliland v. Order of R. R. Conductors, 216 Ala. 13, 112 So. 225. This case was tried upon count A alone, and, while said count avers that the death and accident occurred "during the life of the policy," this is a mere conclusion as no facts are set forth showing such a compliance with the terms of the contract on the part of the insured as to render it in force at the time of the accident, resulting[4] in death, and the trial court erred in not sustaining the defendant's demurrer to said count. National Life Accident Ins. Co. v. Hannon, 212 Ala. 184, 101 So. 892. Moreover, the complaint shows that the accident occurred before the policy was issued, and, while this may have been a clerical misprision, the complaint must be more strictly construed against the pleader and inferences will not be

indulged to uphold same against an appropriate ground of demurrer.

As the only count upon which this case was tried was subject to defendant's demurrer, we could here conclude this opinion, but, assuming that the complaint will be properly amended so as to show a valid and subsisting contract at the time of the injury, we shall treat such of the assignments of error as may be helpful upon another trial, especially whether or not the policy covered the alleged accident, for, if it did not, an amendment and proof of the existence of the contract would amount to nothing.

The policy contains the usual clause:

"For loss resulting directly and exclusively of all other causes, from bodily injury sustained at any time during the life of this policy solely through external, violent, and accidental means (excluding suicide, sane or insane)."

Again:

"If the death of the insured shall result solely from 'such injury' and within 120 days from the date of the accident," etc.

[4] Some of the courts, including our own, have construed this clause to mean that the accident shall be the proximate cause of death and not exclusive of other conditions, means, or circumstances. Standard Accident Ins. Co. v. Hoehn, 215 Ala. 109, 110 So. 7. In said case we cited and followed the Arkansas court in the case of Fidelity Co. v. Meyer, 106 Ark. 91, 152 S. W. 995, 44 L. R. A. (N. S.) 493. This case holds, where accidental injury aggravated a disease and hastened death so as to cause it to occur at an earlier period than it would have occurred but for the accident, it is the direct, independent, and exclusive cause of death at the time. In the case at bar, while the undisputed evidence shows that the insured had appendicitis, there was evidence from which the jury could infer that while being taken to the hospital in a vehicle he was jolted off of the cot or seat, whereby his appendix was ruptured or bursted, and that if he had been operated on before the said bursting or rupture he would probably have recovered. At least this was the plaintiff's theory of the evidence, and, whether the less reasonable or plausible or not, it was a question for the jury as to whether or not there was an accident, and whether or not the appendix was bursted as a result of same, and whether or not said injury, if there was one, hastened the death of the insured. There is conflict in the authorities on this subject, and some of the cases are in irreconcilable conflict, but a good deal of confusion has arisen out of not drawing a distinction between certain clauses in the policy dealing with the accident or injury resulting in death and another clause excepting the liability from the terms of the policy, to wit:

"Where death has resulted wholly or in part, directly or indirectly, from disease or bodily infirmity."

Here, we have no such clause as the one last above quoted.

[5, 6] The question to the witness Dr. Cocciola, made the basis of the eighteenth assignment of error, while calling for the judgment of the witness, was based upon his own knowledge of the facts hypothesized rather than calling for his opinion based upon hypothesized facts narrated by other witnesses, and it seems that when medical men know the facts they can give their opinion based on their own knowledge as to the cause of death or of disease or as to the consequence of the wounds, but, when not acquainted with the facts and which are disputed, they are not allowed to express an opinion upon the case on trial for the case as they determine it might not be the case the jury would find from the evidence. Then they may be examined hypothetically and express an opinion. Page v. State, 81 Ala. 16. The question here called for the opinion of the expert as to results based upon the facts hypothesized and which related to the nature and condition of the appendix which, subsequent to the claimed injury, received an internal examination. The fact that it was internal and the knowledge of the witness was external only prior to the operation went to the value or probative force of the opinion rather than its admissibility.

The case of Travis v. L. & N. R. R., 183 Ala. 415, 62 So. 851, involved a very different question as the witness knew nothing about the oysters and was called upon to testify, in effect, that they were spoiled and which was a disputed fact. Nor was there error in ruling upon the evidence of this witness as to assignments of error 16 and 19.

[7] The trial court erred in giving plaintiff's requested charge 18, made the basis of assignment of error 9. It assumes that an injury was sustained from the hypothesized fall or accident and invaded the province of the jury as it was for it to decide whether or not the insured was injured even if there was an accident or fall.

[8] The trial court will not be reversed for giving plaintiff's charge 10. It could have more properly defined the kind of accident so as to bring it within the influence of the policy, but this could have been explained by a countercharge at the request of the defendant.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, GARDNER, and BOULDIN, JJ., concur.