(121 So. 447)

**LEWIS v. STATE. (8 Div. 835.)**

Court of Appeals of Alabama. March 26, 1929.

[redacted]

[redacted]

[redacted]

[redacted]

Almon & Almon, of Decatur, for appellant.

[redacted]

Charlie C. McCall, Atty. Gen., for the State.

[redacted]

SAMFORD, J. [redacted] The undertaker, who prepared the body of deceased for burial, was permitted to testify as to the location of the wound on the body and the direction or range of the bullet after entering the body. This was relevant and admissible. The accuracy of this testimony should have been tested by cross-examination, and if on such examination the examination made by the witness appeared to be superficial, it would affect the probative force of the testimony, but would not render such testimony illegal.

[redacted] Upon the examination of Mr. Jervis, a witness for defendant as to character, the defendant sought to prove that defendant was in the employ of the Decatur Ice & Coal Company and had been so employed for 15 years. The foregoing is not the proper basis of testimony as to general character. The witness was allowed to testify, and correctly so, that he knew the defendant's general character in the community in which he lived, and that it was good.

[redacted] Appellant in his brief says: "The appellant asked the court to give certain written charges which were refused. Some of these charges may be without merit, but others we think stated a correct proposition of law." The above is the entire brief on this subject, and in it we concur. Where, however, the charges state correct propositions of law, the same principles are amply covered by the court in its oral charge.

There is no error in the record, and the judgment is affirmed.

Affirmed.