GERTRUDE L. RUNYON, PLAINTIFF-RESPONDENT, v. COMMONWEALTH CASUALTY COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October term, 1930—Decided April 27, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiff-respondent, *Leon E. Cone.*

For the defendant-appellant, *Elmer W. Romine.*

PER CURIAM.

The action was to recover the amount of an accident insurance policy covering J. Fred Runyon and payable to the plaintiff as beneficiary. The policy insured "against the effects of bodily injuries or death, caused directly and independently of all other causes by external, violent and purely accidental means, which bodily injuries or their effects shall not be caused wholly or in part, directly or indirectly, by any bodily or mental disease, defect or infirmity, and which shall result in immediate and continuous disability or death * * *." Mr. Runyon fell on the ice January 28th, 1929, suffered a broken hip and died March 5th, 1929. The certificate of death, which while evidential, was not conclusive, stated: "The cause of death was as follows: Fractured left hip from

slipping on ice; duration one month, seven days; contributory: paralysis agitanis, duration eleven years."

The first point presented on appellant's brief is the refusal of the court to grant a nonsuit or direct a verdict in favor of defendant, and the gist of the argument is that the death did not result from accident without intervening or contributory causes and specifically that paralysis agitanis was contributory to the death.

There is testimony from which the jury could have found that paralysis agitanis was, with Mr. Runyon, an incurable malady which would have remained with him throughout his life but would not cause death; that the presence of the ailment had, at the time of the accident, lessened the resisting power of the body; that the injury of the broken hip was the proximate cause of death and that the paralysis did not contribute to the death in any way save that when the injury came the powers of bodily resistance had been somewhat reduced; that the paralysis did not aggravate or agitate the injury; that the injury did not increase the paralysis; that although the paralysis continued it did not, after the accident, participate in any of the physical manifestations or experiences that caused death; that persons past sixty years of age who meet with a fractured hip ordinarily die therefrom; that the assured was sixty-five years of age; that the age and constitution of the assured were such that, had he not been afflicted with paralysis agitanis, he might have died from the accident; that the assured had been afflicted with that ailment for many years and that the defendant, inasmuch as the policy was one of annual renewal, had insured him while so afflicted. There was neither allegation nor proof of concealment, misrepresentation or other fraud in obtaining the policy; nor is there any evidence that the injury was caused by the paralysis.

With the case in such a posture the jury could have found that the only contribution of the paralysis to the death was a reduction in the power of the body at the time of the fracture to resist the shock thereof. On the assumption that the facts should be so found, we have the situation that the com-

pany from year to year renewed its policy of insurance, covering a man whose vitality was impaired by disease and accepted from him, annually, the policy premium. During the life of the policy the assured was injured and died as a result of the injury. His death was not the culmination of two parallel or participating causes, of which disease was one and accident was the other; nor was it the result of one of these accentuated or made more acute by the other. It was the direct result of the accident, which might or might not have been fatal had not the bodily vitality been impaired. The accident caught him as he was and laid him low. Against that we think he was insured; otherwise there could be no recovery in any case of death by accident where the victim, had he been possessed of perfect health, might have successfully combated the ravaging ills that follow immediately in the wake of physical crash.

Our conclusion is that there was a fact question, namely, whether the paralysis agitanis was in truth contributory to death, which was properly left to the jury.

Appellant next argues that the verdict was against the weight of the evidence. That, however, will not be considered on appeal. *Ratz* v. *Hillside Bus Owners' Association,* 103 *N. J. L.* 502.

Appellant's final point is that the charging by the court of certain of plaintiff's requests was error. Before charging these requests the court had instructed the jury that if they believed "that the paralysis agitanis did contribute to the death," the verdict should be in favor of the defendant. There could scarcely have been any doubt in the jurors' minds on that proposition. The second and fourth requests, we think, were intended to convey and did convey to the jurors' minds the general principle, enunciated above, that an earlier ailment, that at the time of the accident had lowered the insured's power of bodily resistance but had in no other way entered as a factor, did not thereby necessarily bar a recovery if the accident was actually the cause of death. The fifth request was an instruction that the jury were not to ascertain whether the accident would have happened if the

insured's age, health or temperament had been otherwise than the fact was; and that proposition, under the proofs, was sound. There was no evidence to sustain a finding to the effect that, had the insured been other than he was, there would have been no accident.

The judgment below will be affirmed, with costs.