BERTHA SELLERT, ADMINISTRATRIX OF THE ESTATE OF JOHN SELLERT, DECEASED, RESPONDENT, v. METROPOLITAN LIFE INSURANCE COMPANY, APPELLANT.

Submitted May term, 1933—Decided October 19, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Perkins, Drewen & Nugent.*

For the respondent, *Isaac W. Seiler* (*Maurice C. Brigadier*, of counsel).

PER CURIAM.

This case is to recover double insurance by reason of alleged accidental death. There was a verdict in favor of the plaintiff, and the insurance company appeals.

The grounds urged for reversal are that there were no proofs of death made in compliance with the terms of the policy of insurance, and that there was no adequate proof that the insured came to his death from accidental causes apart from all others.

John Sellert had a policy of insurance with the Metropolitan Company upon which the face of the insurance would be paid if death were due to natural causes, but if death were due to "bodily injuries solely through external, violent, and accidental means * * * the company will pay in addition to any other sums due under the policy * * * an accidental death benefit equal to the face amount of insurance."

The history of the case discloses that Sellert was either taken sick or injured on January 6th, 1930, and died on February 17th following. After the death the proofs of loss indicating disease as the cause of death were presented and the company paid the straight amount of the policy. A few months later an additional claim was made against the company for the death benefit due to death from accidental causes. The company refusing payment, the present suit was instituted.

The proofs of loss comprise a number of affidavits from which it appears that on the morning of January 6th, 1930, a fall was heard in the hallway of the house of the deceased, and later in the morning the deceased was found unconscious lying on the cellar floor near the steps. There were marks on his face, head and body, his mouth and nose were filled with blood and his hip was injured. All of this tended of course to indicate that there had been a fall and presumably that this was due to accident. When the trial came on substantially the same proofs were presented in the form of tes-

timony of the witnesses with additional proof of a fracture of the skull coming from the defendant's medical expert. Against this the company offered the earlier proofs of loss. They also produced medical testimony tending to show that the death was due to natural causes and not to injury.

A fair question of fact was thus presented to the jury on both questions. We have had other cases quite similar as to the sufficiency of evidence in this class of cases, the most recent being *Runyan* v. *Commonwealth Casualty Co.*, 9 *N. J. Mis. R.* 487; 154 *Atl. Rep.* 397, where it was held that proofs no stronger required submission to the jury.

The judgment is affirmed, with costs.