38 So.2d 295

**LIBERTY NAT. LIFE INS. CO. v.
BAILEY.**

**2 Div. 782.**

Court of Appeals of Alabama.
Jan. 11, 1949.

Spain, Gillon, Grooms & Young and Ralph B. Tate, all of Birmingham, and Henry McDaniel, of Demopolis, for appellant.

Lloyd & Dinning, of Demopolis, for appellee.

**CARR, Judge.**

The insured carried two policies with the Liberty National Life Insurance Company, defendant below. Each of the policies contained a provision that in case of accidental death the liability of the insurer would be extended to include an extra amount equal to the face value of the policy.

The insured died while the contracts were in full force and effect. The prime controversial and determinable issues relate to the question of a recovery of the extra amount. In the court below the beneficiary was awarded a judgment.

We entertain the view that the judgment below must be reversed. On this account we will refrain from a detailed delineation of the tendencies of the evidence.

It is without dispute that at the time of his death the insured was suffering with "mitreal regurgitation" of at least four years duration. This malady had progressively increased the size of his heart until it had reached a dimension about three times its normal size.

It is the contention of the appellee that death was caused by a stroke of lightning. In support of this position the proof tended to show that the insured was entering the back porch of his home during an electric storm and as he was in the act of opening the door he fell suddenly to the floor. Death followed forthwith.

Over objection of appellant's counsel the trial judge permitted Dr. Bobo to answer this question: "Now in the case of a person—I am asking this on the basis of your years of medical experience and your experience in the field of heart diseases—in a case where a patient was suffering from mitreal regurgitation, as you stated Mr. Bailey was suffering, how long would it take a man to die after receiving a fatal attack from this type heart disease?" The only ground based in the objection to the question was "as a hypothetical question upon the grounds that there are no facts in evidence forming a basis for the question."

The medical expert had been treating the insured for about four years, and he had previously testified that the patient was suffering from mitral regurgitation. The question, therefore, was based on the knowledge of the physician as to the facts about which inquiry was sought. There was no effort to frame the question in such form as would call for an opinion hypothesized on facts which had been narrated by other witnesses. Benefit Ass'n of Ry. Employees v. Armbruster, 217 Ala. 282, 116 So. 164.

If the question is subject to any objections, which we do not declare, clearly it is not for the reasons stated in the grounds interposed. Circuit Court Rule 33, Code 1940, Tit. 7 Appendix.

Dr. Bobo qualified as a general practitioner of thirty-six years experience. Twenty-five years of this time were devoted to practice in the industrial area of the city of Birmingham. During the long tenure in his profession he had treated patients who were injured by electric and lightning shocks. As indicated he had been treating the insured for four years and had observed his heart actions by means of a fluoroscope. He saw the deceased within fifteen minutes after death.

Counsel interrogated the doctor as follows: "From your finding, what is your opinion as to the direct cause of Mr. Bailey's death?" Over appellant's objections he was allowed to answer, and he replied: "I think it was the electric shock that killed him."

It is to be noted that the grounds to the objections do not challenge the qualifications of the witness to depose as an expert. To properly raise this point, objections must be specifically directed to this particular insistence. Alabama Great Southern R. Co. v. Moundville Motor Co., 241 Ala. 633, 4 So.2d 305.

As against the grounds interposed to the question, the position of the appellant cannot be sustained.

Exception was reserved to the following portion of the court's oral charge: "Where accidental injury aggravates a disease, and death is thereby hastened so as to cause it to occur at an earlier period than it would have occurred but for the accident,

it is the direct, independent and exclusive cause of death at that time."

At the instance of the plaintiff below the court gave written instructions 8 and 10. These will appear in the report of the case.

The legal principles here involved are similar in nature. We will treat collectively the three assignments of error.

The pertinent portion of the provisions of the policy is:

"Upon receipt of due proof that the death of the Insured resulted, directly and independently of all other causes, from bodily injuries caused solely by external, violent and accidental means * * * the Company will pay 'Extra Benefit for Death by Accident' which shall be an amount equal to the 'face amount' of this policy as shown in the schedule above * * * the additional benefit shall not be payable if the insured's death (a) *is caused or contributed to by disease or infirmity.*" (Emphasis ours.)

Apparently some confusion has arisen among the authorities because of the different provisions or clauses in policies carrying coverage for accidental death. This is pointed out in Standard Accident Ins. Co. of Detroit v. Hoehn, 215 Ala. 109, 110 So. 7, and Benefit Ass'n of Ry. Employees v. Armbruster, supra. In these two cases neither of the policies under review contained the provision which we have italicized supra. This was noted in both opinions, and a distinguishing interpretation was declared.

In the Hoehn case, just supra, Justice Sayre, writing for the court, incorporated in his opinion a quotation from Fidelity & Casualty Co. v. Meyer, 106 Ark. 91, 152 S.W. 995, 44 L.R.A.,N.S., 493. In this excerpt is to be found almost a verbatim statement of the portion of the court's oral charge which we are now considering in the case at bar.

In connection with the approval of the assertion Justice Sayre observed [215 Ala. 109, 110 So. 9]:

"In some of the cases denying recovery on facts of the same general character as those here involved the policies contained a stipulation that the insurance thereby provided did not cover 'any death which resulted wholly or in part directly or indirectly from disease or bodily infirmity,' and it may be conceded that, had the policy here in suit contained a clear and unlimited stipulation to that effect, there could be no recovery."

In First National Bank of Birmingham v. Equitable Life Assur. Soc. of United States, 225 Ala. 586, 144 So. 451, the Supreme Court had under review a policy which contained a provision "or [from] death resulting directly or indirectly from bodily or mental infirmity". Justice Bouldin, with considerable care in analyses and citations of authorities, demonstrated the distinguishing lines of demarcation between liabilities on policies which contain accidental coverage defined in general terms and those which have the added limitations and provisions such as are included in the policy now before us. He observed:

"In dealing with accident policies whose coverage is defined by the general terms, such as death resulting directly and solely from the accidental injury, exclusive or independent of all other causes, this court has approved and adopted the rule announced by other courts to the following effect: ' * * * Where accidental injury aggravated a disease and hastened death so as to cause it to occur at an earlier period than it would have occurred but for the accident, it is the direct, independent, and exclusive cause of death at the time.' * * *

"This view of proximate cause is applied in our cases, notwithstanding the grave condition of the disease, and notwithstanding the accidental injury was such as not to be fatal but for the disease or bodily infirmity. * * *

"If the present policy contained only the general clause defining the coverage or liability assumed by the insurer, without question the facts make a case of liability under our cases, supra."

It follows that the above quoted provision of the policy of instant concern has the following application and meaning: If the insured was afflicted at the time of

the accident with a disease or physical infirmity and the accidental injury contributed or cooperated with the malady to produce death, a liability would not arise under the contract. On the other hand, if the accidental injury, independently and exclusively of the infirmity, proximately caused death, a recovery under the policy should be allowed.

In Freeman v. Mercantile Mut. Accident Ass'n, 156 Mass. 351, 30 N.E. 1013, 17 L.R.A. 753, Mr. Justice Knowlton stated the doctrine fully and comprehensively. The excerpt is copied by Justice Bouldin in his opinion in First National Bank of Birmingham v. Equitable Life Assur. Soc., supra.

Merely because the insured was suffering from a disease at the time of the accident would not of itself bar the beneficiary from recovery. Such an interpretation of the provisions of the policy would have the effect of practically destroying the beneficent benefits of the contract. Mankind is befallen with disease and physical disorder in various forms. It would be an exception and not the prevailing rule to find a person above the age of 50 to be in every respect physically sound.

We are here concerned with instructions which attempt to define the doctrine of proximate cause of death, and which set out a state of facts and circumstances upon the proof of which the plaintiff would be entitled to recover. Clearly, each of these omits to give accurate and effective application to the terms and conditions of the policy.

In our effort to reach a correct conclusion of the presented questions we have made extensive study of the authorities in other jurisdictions. We will be content to cite some of these without comment. Vol. 6, Cooley's Briefs on Insurance, p. 5352; Thomas v. Fidelity & Casualty Co. of New York, 106 Md. 299, 67 A. 259; Sharpe v. Commercial Travelers' Mut. Acc. Ass'n of America, 139 Ind. 92, 37 N.E. 353; Runyon v. Commonwealth Casualty Co.,

154 A. 397, 9 N.J.Misc. 487; Silverstein v. Metropolitan Life Ins. Co., 254 N.Y. 81, 171 N.E. 914; Hubbard v. Travelers' Ins. Co., C.C., 98 F. 932; Carr v. Pacific Mut. Life Ins. Co. of California, 100 Mo.App. 602, 75 S.W. 180; White v. Standard Life & Accident Ins. Co. 95 Minn. 77, 103 N.W. 735, 884, 5 Ann.Cas. 83; National Masonic Acc. Ass'n of Des Moines v. Shryock, 8 Cir., 73 F. 774; Stanton v. Travelers' Ins. Co., 83 Conn. 708, 78 A. 317, 34 L.R.A.,N.S., 445; Commercial Travelers' Mut. Acc. Ass'n of America v. Fulton, 2 Cir., 79 F. 423; Leland v. Order of United Commercial Travelers of America, 233 Mass. 558, 124 N.E. 517.

■ We would be out of harmony with the doctrine pertaining to explanatory charges if we should apply it here. Each instruction contains a specific and complete statement, upon the hypothesis of which the rights of plaintiff's recovery are determined and declared.

■ The applicable rule relating to explanatory charges is stated in one of the early decisions, Kenan v. Holloway, 16 Ala. 53, 50 Am.Dec. 162:

"If the tendency merely of the charge had been to mislead, the defendant should have asked additional and explanatory instructions; but where it will necessarily mislead, and actually does, it is a fatal error."

See also, Lassetter v. King, 249 Ala. 422, 31 So.2d 588.

■ Without elaboration or comment, we hold that under the evidence in the case the defendant was not due the general affirmative charge. McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

For obvious reasons we will omit any discussion of the action of the trial court in denying the motion for a new trial.

For error indicated it is ordered that the judgment of the court below be reversed and the cause remanded.

Reversed and remanded.