65 So.2d 715

### RICHARDSON v. STATE.

#### I Div. 657.

Court of Appeals of Alabama.

May 26, 1953.

Wm. C. Taylor, Mobile, for appellant.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The indictment in this case charges murder in the first degree. The trial resulted in a conviction of murder in the second degree.

The deceased was the wife of the accused.

The evidence for the State tended to establish that the deceased was struck a very severe blow behind or under the left ear which caused fractures to bones in that area and lacerations, contusions, softening and hemorrhages to vital brain structures or tissues. Death followed within a few days after the injuries were sustained.

Prior to the trial, and again as a witness in his own behalf, the appellant accounted for the injuries to his wife by stating and testifying that as the two journeyed in an automobile he stated that he was going after some whiskey. This displeased his wife, and while the car was traveling at a speed rate of about thirty or thirty-five miles per hour she jumped out of the vehicle and received her bodily injuries in falling to the ground.

According to the evidence for the prosecution the character and nature of the wounds made this claim improbable and untenable.

The State introduced in evidence some garments which Mrs. Richardson was wearing at the time of concern. These exhibits were not forwarded to this court.

It is evincingly clear that this character of evidence is very material on the matter

of determining whether the deceased jumped from a rather swiftly moving automobile, as the appellant claimed.

■ The situation confronting us is allustrative of the wisdom of the rule which provides that appellate courts cannot review the propriety of the refusal of the general affirmative charge if the record does not contain all the evidence. 7 Alabama Digest, Criminal Law, ☞1121(2).

One question of critical concern is directed to the rulings of the trial judge in admitting expert testimony.

Dr. Wert and State Toxicologist Nelson Grubbs performed an autopsy on the deceased. All of the evidence relating to the character, nature, and extent of Mrs. Richardson's injuries came from this source. In other words, no witness gave testimony as to conditions which were observed prior to death.

Apparently the autopsy was performed with great care and accuracy. The probable cause of the injuries seemed to be of prime concern.

Both experts went much into detail in describing and delineating the findings incident to the examination. In the main they gave identical descriptions in their testimony.

None of the appellant's objections were directed to questions propounded to Dr. Wert.

Mr. Grubbs qualified as a toxicologist. He has testified at the trial of many cases in this state. His training and experience are well known to the legal profession. See DeSilvey v. State, 245 Ala. 163, 16 So. 2d 183, for a statement of the qualifications of this witness.

■ Whether or not a witness is shown to possess the essential and requisite qualifications of an expert is a preliminary matter which is addressed largely to the discretion of the presiding judge. Johnson v. Battles, 255 Ala. 624, 52 So.2d 702; Lovejoy v. State, 33 Ala.App. 414, 34 So.2d 692.

Mr. Grubbs testified that the temporal bone was broken inward into the cavity of the head and was pushing against the brain.

The solicitor then propounded this question: "Now then Doctor, from your examination of that could you tell us what direction force was applied to that bone would be, how that was?"

Over timely objections he was permitted to answer as follows: "Based on the formation of the other bones in the head and the trauma observed on the outside of the body, it is my opinion that this blow was delivered from an angle of approximately forty-five degrees with the vertical, that is with the center line through the skull, and in an upward direction."

■ The authorities are committed to the rule that an expert witness cannot give evidence of his opinion of the relative positions of the combatants when a shot was fired. The question of instant concern is not governed by this doctrine. The injuries disclosed certain bone breaks and tissue pressures.

■ It was not beyond the ability of the expert to determine the direction or angle of the outward force which caused these conditions.

We think the ruling of the court was without error and comes under the influence of these authorities: Mathis v. State, 15 Ala.App. 245, 73 So. 122; Roan v. State, 225 Ala. 428, 143 So. 454; McKee v. State, 35 Ala.App. 174, 44 So.2d 777; Clark v. State, 18 Ala.App. 209, 91 So. 328; Lewis v. State, 23 Ala.App. 92, 121 So. 447; Kozlowski v. State, 248 Ala. 304, 27 So.2d 818; DeSilvey v. State, supra.

Mr. Grubbs was allowed to state that the cause of death was an injury to the brain as a result of the broken bone being forced into the cavity.

The qualifications of the witness fitted him to give this answer. Even so, without dispute in the evidence, death was caused by the effects of a severe blow under the ear. There were no other injuries of any serious nature found on the body of the deceased.

In effect, Dr. Wert's testimony corroborated that of Mr. Grubbs as to the immediate cause of death.

 The toxicologist was also interrogated with reference to his opinion as to the probability of the wound being inflicted by a fall from a moving automobile. However, appellant's counsel posed only the general grounds in his objections. This did not properly present for our review the question of the qualification of the witness to make reply. Alabama Great Southern R. Co. v. Moundville Motor Co., 241 Ala. 633, 4 So.2d 305; Liberty National Life Ins. Co. v. Bailey, 34 Ala.App. 199, 38 So. 2d 295.

During the solicitor's argument to the jury appellant's attorney made the following objections:

"I object and move to exclude that statement he made to the jury, in talking about circumstantial evidence, about murderers going scot free, I move to exclude that statement about murderers going scot free."

"We object to that line of argument, there is no testimony to support that."

The court overruled the objections. It is clearly apparent that these statements are not sufficiently directive and specific to invite our review. Ferguson v. State, 36 Ala.App. 358, 56 So.2d 118.

Several of the written instructions which were refused to the appellant relate to murder in the first degree. Shikles v. State, 31 Ala.App. 423, 18 So.2d 412.

In appellant's brief it is urged that the following charge was improperly refused:

"The Court charges the Jury that the Humane Provisions of the law are that a person charged with a felony or crime such as the case here, that he should not be convicted on circumstantial evidence unless it shows by a full measure of proof that the Defendant is guilty."

In some of the early cases charges of like effect and import as the one of concern were approved. In later cases the court disapproved written instructions which contained the expression "humane provisions of the law."

For example, in the case of Dennis v. State, 112 Ala. 64, 20 So. 925, 926, the court observed: "We do not approve of the use of the word 'humane' in an instruction to the jury, as the jury is apt to conclude that the case before them is one which calls for the application of the principle. It is very proper, in an argument, to justify a conclusion of law."

See also, Bohlman v. State, 135 Ala. 45, 33 So. 44; Rigsby v. State, 152 Ala. 9, 44 So. 608.

The other charges refused to the defendant were either covered by the oral charge, argumentative, or misstatements of the law of the case.

We do not find any reversible error in the record.

The judgment below is ordered affirmed.

Affirmed.