191 So.2d 435 (1966)
GREAT AMERICAN INSURANCE COMPANY, a Corporation D/B under the Laws of the State of Florida, Appellant,
v.
Grover C. CORNWELL, Appellee.
No. H-183.
District Court of Appeal of Florida. First District.
November 1, 1966.
Rehearing Denied November 21, 1966.
*436 Samuel Kassewitz, Dawson, Galant, Maddox, Sulik & Nichols, Jacksonville, Greene, Ayers, Swiggert & Cluster, Ocala, for appellant.
Pattillo, MacKay & McKeever, Ocala, for appellee.
JOHNSON, Judge.
This is an appeal from a final judgment rendered against the appellant insurance company after a jury verdict in favor of the appellee-plaintiff in the lower court.
Mrs. Viola M. Cornwell was the insured under a "Holiday Travel Accident Policy" in the amount of $5,000.00. The policy provided:
"to pay indemnity for loss resulting from injury to the extent herein provided. `Injury' wherever used in this policy means bodily injury caused by an accident occurring while this policy is in force and resulting directly and independently of all other causes in loss covered by this policy."
The plaintiff below, appellee here, was the beneficiary named in said policy. Upon refusal of the insurance company to pay the beneficiary, this suit was brought. There is no dispute as to the accident nor as to the policy and its provisions. The controversy is over the question of whether the deceased died as a result of the accident, directly and independently of all other causes.
It appears from the evidence that Mrs. Cornwell, the insured, was 75 years of age at the time of the accident and her death. *437 Also, that the deceased had sustained numerous myocardial infarction of the heart as far back as three or four months and maybe years, prior to the latest such episode, which happened within 12 to 24 hours of her death. Associated with this trouble, as testified to by the physician who performed the autopsy, was coronary arteriosclerosis.
The defendant contends that the accident happened on June 13, 1964, but that the injuries sustained by the insured in said accident were insufficient to cause death and that when the insured died on June 25, 1964, that she actually died of a "heart attack." That the death did not result from bodily injuries caused by the accident independently of all other causes. The death certificate executed by the Cornwells' family physician stated in Part I as the "immediate cause" of death, "acute coronary thrombosis, arteriosclerotic heart disease."
The evidence is uncontradicted that certain bodily injuries were sustained by the deceased as a result of an accident. We are now confronted with the question of whether the bodily injuries so sustained, caused the death of the insured "directly and independently of all other causes."
Taking appellant's assignments of error in the order shown, namely: that the court erred in denying defendant's motion for a directed verdict at the close of the plaintiff's case as well as at the close of all the testimony, we think it sufficient to say that we find there was sufficient controversial evidence to create an issue for the jury. As to the trial court's refusal to grant the defendant's motion for judgment notwithstanding the verdict or in the alternative, motion for a new trial, we think the trial court did not err. To reach this conclusion, it was necessary for us to decide whether or not the pre-existing disease or bodily infirmity resulting in an acute coronary thrombosis and arteriosclerotic heart disease, producing death, after an automobile accident resulting in considerable, although not lethal, bodily injuries to the insured, precluded recovery under the accident insurance policy supra?
Able and lengthy briefs have been presented us by the respective counsel for the parties, and we find the question to be a close one, and in which the exact language of the policy is important.
The appellee relies strongly upon the decision of the Supreme Court of Florida in the case of Jones v. General Accident, Fire and Life Assurance Corporation, 118 Fla. 648, 159 So. 804 (1935), wherein we find this language:
"It might be said that the aggravation of an existing active disease may be an effect of or a direct result of a bodily injury; and that the insurer should be liable where death or disability of the insured results. But when an active progressive disease which tends to result in death or disability existed at the time of the injury and consequently was not caused by the injury, and the injury merely causes an aggravation of the existing active progressive disease, whereby death or disability results, there may be no liability of the insurer under some policies, at least where there is a provision in the policy which in effect excluded liability when the death or disability is caused directly or indirectly in whole or in part by disease.
* * * * * *
"Differing from any others, the policy in this case does not expressly exclude liability when disability or death of the insured is caused directly or indirectly in whole or in part by any form or condition of disease. See Benefit Ass'n of Ry. Employees v. Armbruster, 217 Ala. 282, 116 So. 164; Id., 224 Ala. 302, 140 So. 356; National Masonic Acc. Ass'n v. Shryock [8 Cir.] 73 F. 774; Illinois Commercial Men's Ass'n v. Parks [7 Cir.,] 179 F. 794."
The appellant urges that the policy does not cover Mrs. Cornwell's death because her death did not result from her automobile *438 accident "directly and independently of all other causes." Appellant cites Goldstein v. Paul Revere Life Insurance Co., 164 So.2d 576 (Fla.App. 1964), cert. denied 170 So.2d 587 (Fla.) and The Maccabees v. Terry, 67 So.2d 193 (Fla. 1953), as authority for its contention of noncoverage.
We point out that in the two latter cases, the insurance policies each carried an exclusionary clause which provided in substance that the loss sustained directly and independently of all other causes from the accident, and went further and specifically excluded liability when the loss or disability or death was caused directly or indirectly in whole or in part by any form or condition of disease. (Emphasis supplied.)
The policy in the case, sub judice, does not contain such exclusionary clause. The evidence shows the existence, and of probably long duration, of a heart condition in the insured, arteriosclerosis, but according to expert witnesses, such condition exists in all persons after a certain age, but that such condition may continue throughout a long life span even up to 80 or 90 years of age. That in the instant case, there was no probable reason to assume that the deceased would have died as soon as she did, from the pre-existing disease. That the additional strain and stress brought on by the accident was the direct and proximate cause of the heart attack resulting in death. This evidence, we believe, places the case directly in line with the Jones case, supra, and we so hold that liability did exist against the insurer under the terms of the policy.
The appellant further urges that the court erred in refusing to give its requested instructions 3, 4, 5, and 6, each of which provided in substance that if the pre-existing disease or infirmity contributed to or cooperated in causing the death, then no recovery could be had. In view of our determination of the law governing this case as set out supra, these instructions were erroneous, when applied to the facts of this case and therefore the trial court properly refused to give them.
Appellant further argues that the trial court erred in giving the plaintiff's requested instructions, 7, 8, and 9, which are as follows:
"(Plaintiff's Requested Instruction No. 7, given)
"In considering the cause of Mrs. Cornwell's death, you are instructed that there is and must be distinguishing features between legal and medical causes of death. The fact that an existing disease or condition may appear to have been the immediate cause of death in point of time does not necessarily mean that it was the primary, proximate or precipitating cause within the meaning of the insurance contract. The question for you to decide is, consequently, what was the cause of death from the legal standpoint, that is, the cause which the parties contemplated when the insurance contract was entered into."
"(Plaintiff's Requested Instruction No. 8, given)
"The phrase `resulting directly and independently of all other causes from bodily injury caused by accident' refers to the efficient or predominant cause of death. In determining whether or not in this case, the death of Mrs. Cornwell resulted under the circumstances required by the terms of the insurance policy, you are instructed that the injury must stand out as the predominant factor in the production of the results. It need not have been so virulent in character as necessarily and inevitably to have produced that result, regardless of all other conditions and circumstances. People differ so widely in health, vitality and ability to resist disease and injury that what may mean death to one man would be comparatively harmless to another, and therefore the fact that a given injury may not be generally lethal *439 does not prevent it from becoming so under certain conditions. If, you find from a preponderance of the evidence that, under the particular condition of health of Mrs. Cornwell, the injury she suffered was the active, efficient cause that set in motion the agencies that resulted in her death, without the intervention of any other independent force, then that injury would be considered the sole and proximate cause of death and your verdict would be for the Plaintiff."
"(Plaintiff's Requested Instruction No. 9, given)
"You are instructed that if you find that Mrs. Cornwell was suffering from an existing disease, but that that disease was but a condition, and the accident which she suffered was the moving, sole and proximate cause of her death, then the insurer will not be relieved of liability by virtue of the provision of the policy requiring the death to result directly and independently of all other causes from bodily injury caused by accident. Where accident injury aggravates a disease, which is not then active, progressing and tending to result in death or disability and thereby hastens death so as to cause it to occur at an earlier period than it would have occurred but for the accident, the accident is the direct, independent and exclusive cause of death."
We think these charges are a correct statement of the law as applied to the evidence and facts in this case, and find no error in the giving thereof.
The last assigned error is directed at the court permitting a long hypothetical question to be propounded to an expert witness, a doctor, who had no personal knowledge of Mrs. Cornwell's accident and death nor of her physical condition at any time. We have carefully studied this question in connection with the rest of the factual evidence in the record, and are of the opinion the question tracked the evidence sufficiently to warrant the trial court in permitting it to be asked and answered.
For the reasons stated, the judgment appealed is affirmed.
WIGGINTON, Acting C.J., and CARROLL, DONALD K., J., concur.