## WAUGH *vs.* RIDGEWAY.

[ACTION OF UNLAWFUL DETAINER.]

1. *Unlawful detainer; general charge.*—Where the evidence in an action of unlawful detainer, conduces to show an actual previous possession on the part of the plaintiff, and the relation of landlord and tenant between him and the defendant, a charge "that if the jury believe the evidence, they must find for the defendant," is erroneous, as it invades the province of the jury.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. JOHN MOORE.

THIS was an action of unlawful detainer, brought by the appellant against the appellee, and was commenced in a justice's court on the 28th October, 1861. The justice gave judgment for the plaintiff, and defendant appealed to the circuit court, when, upon a new trial, judgment was rendered for the defendant. As the bill of exceptions states, "the plaintiff proved, that prior to the possession of the property by the defendant, the plaintiff was in the actual possession of the premises sued for; that the said lot, as described in the complaint, had a house upon it, which was unfinished; that the defendant desired to rent the house

from plaintiff, and complete it, and applied to the agent of plaintiff to do so, (the plaintiff being absent at the time,) but the agent of plaintiff would make no contract with him in reference thereto. Shortly after this refusal on the part of plaintiff's agent to rent him the property, and without the consent of plaintiff or his agent, the defendant went into the possession of the premises and went to work on the house, and went again to plaintiff's agent, and informed him of what he had done, and requested the agent to supply the materials, and money for finishing the house; the said agent did thereupon furnish him the materials for the completion of the house; that defendant, with the consent of plaintiff, had the painting and plastering, glazing, &c. done on plaintiff's account. The bills were presented to plaintiff's agent, and he paid them." Proof of a demand in writing, for the possession of the premises, and the refusal of defendant to surrender possession, was introduced on the trial. This being all the evidence in the cause, the court charged the jury, that if they believed the evidence, they must find for the defendant, and to this charge plaintiff excepted. He appealed to this court and assigned the charge as error.

MORGAN AND HARALSON, for appellant.
PETTUS & DAWSON, contra.

A. J. WALKER, C. J.—We suppose the instruction to the jury was predicated upon the idea, that there was no evidence of the relation of landlord and tenant. We think there was evidence upon that subject which should have been left to the jury.—*Rainey v. Capps*, 32 Ala. 288.

Reversed and remanded.

BYRD, J., not sitting.