## BATES, Adm'r, vs. RIDGEWAY.

### [UNLAWFUL DETAINER.]

1. *Tortious possession; when may be basis of action of unlawful detainer.*— A tortious possession of land may become lawful by agreement of the parties, express or implied; and in that case, unlawful detainer will lie to recover the possession, upon demand in writing, after the termination of such lawful possessory interest.

2. *Unlawful detainer; secondary evidence of demand in writing, when admissible.*—In an action of unlawful detainer, secondary evidence of the demand in writing can not be received until the proper predicate has been laid for its introduction.

3. *Notice to produce demand in writing; when not sufficient.*—In such action, a notice to produce the written demand, given by the plaintiff to the defendant's counsel at the trial, is not sufficient in point of time, without proof that the paper is in court, or so near that it can be obtained without delaying the trial. There is no presumption that the defendant or his counsel has it in court.

APPEAL from the Circuit Court of Dallas.
Tried before Hon. M. J. SAFFOLD.

This was an action of unlawful detainer, commenced in the year 1861 before a justice of the peace. Judgment having been rendered in that court against the appellant, Ridgeway, he appealed to the circuit court.

The appellee, as plaintiff, complained, in substance, that the defendant Ridgeway entered upon the premises de- scribed, of which he had the possession, without his know- ledge or consent. But after such entry, the plaintiff al- lowed him to remain there, for the purpose of completing

an unfinished dwelling house situated on the premises; that the defendant did not claim to hold adversely, but recognized the plaintiff's title and possession, and remained there engaged in completing the dwelling with materials furnished by the plaintiff; that after the completion of the house, and before the commencement of the suit, the plaintiff demaded the possession of the said premises in writing, &c., but the defendant refused to surrender the same to him. A demurrer to this complaint, the grounds of which are not stated, was overruled.

On the trial, the plaintiff introduced a witness, who was plaintiff's agent in the transaction, to prove the allegations of his complaint, who, after testifying as to the plaintiff's possession, defendant's entry, &c., as stated in the complaint, "proved that there was a custom in Selma, where the house was situated, that the rent year, when there was no contract, expired on the first day of October of each year;" and that defendant completed the house mentioned before October 1st of the year in which demand was made.

This witness was asked if any demand in writing for possession, &c., had been made before commencement of the suit; whereupon, defendant objected to the question being answered, as it called for oral proof of the contents of a written instrument. The witness then testified, that at the time the written demand was made, the plaintiff gave the writing to the defendant; and, thereupon, the plaintiff notified the defendant's counsel to produce said writing to be read in evidence before the jury. Defendant's counsel declined to produce the writing, because he did not have the writing, and had never seen it, and had not had reasonable notice to produce it. The court, against the defendant's objection that no proper predicate had been laid for such testimony, then permitted the plaintiff to prove "that more than six days before the commencement of this suit, he demanded possession of the premises sued for from defendant, in writing, and delivered the writing to the defendant at the time;" to which ruling of the court the defend-

ant duly excepted. This was the substance of the testimony.

The court charged the jury, that "if they believed from the evidence that the plaintiff's agent agreed with the defendant, after he had taken possession of the lot, that he might complete the house, and allowed him to retain the possession of it for that purpose, that then this was just as much a renting as if the agent had made a regular contract in writing with him." The court also charged the jury, that the plaintiff was entitled to recover, if they believed from the evidence that he had proved the allegations of the complaint set out above.

To each of these charges the defendant excepted. The rulings of the court to which exception was reserved are now assigned for error.

JOHN WHITE, for appellant.

J. HARALSON, *contra.*

B. F. SAFFOLD, J.—As the objection to the complaint is not specified in the demurrer, we have only to consider whether it contains a special cause of action. The defendant's entry into possession of the land was not lawful. It was a trespass. The parties, however, were competent to waive the tort, and in that case *assumpsit* would lie for the use and occupation, which is not maintained when the defendant's possession is tortious, or adverse.—1 Chit. Plead. 107; *Stockett v. Watkins,* 2 Gill & Johns. 326; *Curtis v. Treat,* 8 Shepley, 525.

If it is true that the defendant recognized the plaintiff's rights of title and possession, and remained on the premises, doing valuable work for him, and obtaining from him the materials to perform it with, the law will understand that there was an agreement between the parties, either express or implied, which rendered the defendant's possession neither tortious nor adverse, but lawful.—*Waugh v. Ridgeway,* 42 Ala. 368; *Rainey v. Capps,* 22 Ala. 288. The demurrer was properly overruled.

We adhere to the rule declared in *Dumas v. Hunter,*

(30 Ala. 75,) that secondary evidence of the demand in writing, which is indispensable to the maintenance of this action, can not be received, until the proper predicate has been laid for its introduction. The statute (Rev. Code, § 3300,) requires an unequivocal demand in writing, the sufficiency of which the court may determine. It may not be left with the defendant, and thus the proof might depend entirely on oral testimony, to the defeat of the law. A conditional request, or ambiguous expression, might be converted by imperfect remembrance into a formal and imperative demand. The plaintiff must prove that the defendant is a wrong-doer.

The authorities conflict on the question, whether notice to produce a writing which is in the possession of the opposite party or his attorney in court, or so near that it can be obtained without delaying the trial, is sufficient when given after the trial has commenced. It would be obviously unreasonable to compel a party or his attorney to leave the court in quest of papers, when perhaps during the interval the cause may be reached. But is certainly incumbent on the party desiring the paper, who gives notice for its production after the trial has commenced, to show by direct evidence, or clear presumption, that it can be obtained without delay. In this case, he failed to do so, because the defendant's counsel denied that he had it, or knew anything about it, even if any presumption be admitted. There was, however, no necessity for the defendant to have the paper with him, if it was a proper demand. 4 Phil. Ev. (Cow. & Hill's Notes), 416–18; *Utica Ins. Co. v. Caldwell,* 3 Wend. 296; *Gorham v. Gale,* 7 Cowan, 739. The court erred in admitting the secondary evidence.

The charges of the court which were objected to were nothing more in effect than a repetition of the judgment on the demurrer.

The judgment is reversed, and the cause remanded.