# Stokely *v.* Fidelity & Casualty Company of New York.

*Assumpsit.*

(Decided February 4, 1915. Rehearing denied May 20, 1915. 69 South. 64.)

*Insurance; Accident; Resulting in Death.*—Where the policy insured against "bodily injury, sustained through accidental means and resulting directly, independently, and exclusively of all other means in death" and the insured was operated on for appendicitis, the wound closing and progressing favorably without apparent complications for four or five days, when insured had a fit of vomiting, and the wound re-opened and insured died thereafter under an anaesthetic while the wound was being closed again, there could be no recovery for the death.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

[Stokely v. Fidelity & Casualty Company of New York.]

Action by Mary H. Stokely against the Fidelity & Casualty Company of New York, on an insurance policy. Judgment for defendant, and plaintiff appeals. Affirmed.

FRANK S. WHITE & SONS, STOKELY, SCRIVNER & DOMINICK, and I. M. ENGEL, for appellant.

CABANISS & BOWIE, for appellee.

SAYRE, J.—Plaintiff, who takes this appeal, sued defendant on a policy of insurance by which defendant insured John Arthur Haire against "bodily injury sustained * * * through accidental means * * * and resulting directly, independently, and exclusively of all other causes * * * in death." After all the evidence was in, the trial court gave the general affirmative charge on defendant's request. Hence this appeal.

The evidence may be fairly stated as follows: During the life of the policy the assured was sick of appendicitis. He submitted himself to an operation by which his appendix was removed. The operation was performed and the wound closed in the usual routine of such cases. The four layers of the wall of the stomach, from peritoneum to outer skin, were in turn returned with catgut. For four or five days assured came along without apparent complication and with every promise of a rapid recovery; but when the surgeon visited him on the morning of the fourth or fifth day his patient vomited and coughed for a spell and then complained of severe pain. Upon examination it was found that the wound had opened and the patient's intestines were protruding through the wound caused by the operation. Immediately the patient was again

anæsthetized and his wound again closed. He never recovered consciousness, and died in the course of a few hours. The surgeon testified that he saw no reason in the world why the patient should not have recovered, had the stitches in the wound not broken. There was nothing else wrong with the patient—by which, of course, the witness meant nothing wrong as operations for appendicitis go. To sum up, witness was of opinion (and this is clear even to the nonprofessional mind) that the patient's disease brought on the first operation, the coughing and vomiting burst the stitches, bringing on the second anæsthetic and the second operation, and at the end of the sequence came death.

Plaintiff settled upon the bursting of the stitches as the accident in the case, and certainly there was none other. Without conceding that there was any bodily injury sustained through accidental means within the protection afforded by the contract, we will allow the result to turn upon the point to which counsel have directed their arguments.

Many reported cases have been cited in which the courts, with diverging views, have considered when and in what circumstances a death, in which both bodily injury sustained and concurrent bodily weakness or disease of unrelated origin have probably operated, must be said, as matter of law, to have resulted from the injury directly, independently, and to the exclusion of all other causes, within the meaning of this policy. On its face this question may seem to answer itself, unless, indeed, it be assumed that the contract does not mean precisely and utterly what its very letter seems to express. But frequently literal construction does not carry the interpreter far, and to hold that the insurer in policies of this character is answerable

only in the event the death of the assured is caused by bodily injury to the absolute exclusion of all other contributing causes, to hold, in other words, that the physical injury must have been of such violence and extent as to have inevitably produced death, regardless of all other conditions and circumstances, would leave scarcely any field in which the contract would operate to afford protection—would well-nigh nullify the policy. Evidently the contracting parties did not intend this; at least it is safe to say the assured did not intend this; and such contracts are construed with favor to the assured with a view to giving him the protection it must be presumed he thought he was getting when he entered into the contract.

On the other hand, cases occur in which the mind is irresistibly driven to the conclusion that causes, other than those against which the insurer, on any fair interpretation, intended to give protection, have materially contributed to the result. In such cases that which is ordinarily a question of fact becomes a question of law and is properly determined by the court. So in this case. There would have been no stitches, nor any rupture, but for the disease and the wound it made necessary. Nor would there have been any coughing or vomiting, though it is not supposed that these were accidents or the result of an accident, had not the disease made the administration of an anæesthetic and the performance of the operation necessary. The rupture of the stitches, if an accident in any proper sense, was not an accident causing bodily injury and death; it was merely the failure of means taken to prevent a death threatened by other independent causes. The death which followed was undeniably and in a most material way contributed to, if not exclusively caused

by, the disease with which assured was afflicted and the means taken for his relief. We are clear to the conclusion that, if there was any accident in this case, it was not an accident causing bodily injury and resulting, directly, independently, and exclusively of all other causes, in death, within the meaning of the policy; and hence that defendant was entitled to the general charge which it got. In this view of the case, other errors assigned are of no consequence.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.