### STANDARD ACC. INS. CO. OF DETROIT, MICH. v. HOEHN. (6 Div. 609.)

(Supreme Court of Alabama. Oct. 28, 1926.)

**1. Insurance ⬢⟹466—Accident policy held to cover only accidents acting as immediate agency in production of loss.**

Accident policy, defining "proximate cause" as bodily injury effected directly, exclusively, and independently of all other causes through external, violent, and accidental means, *held* to cover only accidents acting as immediate agency in production of loss.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate Cause.]

**2. Insurance ⬢⟹146(3).**

Accident policy, ambiguous in its coverage of case where accident and disease contributed to death, will be construed favorably to insured.

**3. Insurance ⬢⟹668(11).**

In action on accident policy with defense that death of insured resulted from disease and accident for which insurer was not liable, question of insurer's· liability *held* for jury.

**4. Trial ⬢⟹260(1).**

Requested charge, covered in substance by oral charge given, *held* properly refused.

**5. Evidence ⬢⟹185(4)—Allowance of plaintiff's demand, at trial, in action on insurance policy, for production of death proof and physician's certificate, held not abuse of discretion.**

Under facts, trial court, in suit on insurance policy, *held* not to have abused discretion in allowing plaintiff's demand for production of death proof and physician's certificate at trial as predicate for admission of secondary evidence of those documents.

**6. Pleading ⬢⟹248(5).**

Where original complaint declared on life policy, amendment thereto, alleging policy insured life against loss by accident, *held* mere application of original complaint, and not introduction of different cause of action.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action on policy of insurance by Henrietta Hoehn against the Standard Accident Insurance Company of Detroit, Mich. From a judgment for plaintiff, defendant appeals. Affirmed.

The defendant's refused charges were the affirmative charges in different forms, and charges to the effect that, if deceased's death was the result of disease, it was immaterial that the accident sustained by him was a contributing cause of his death, or hastened death.

Frank S. White & Sons, of Birmingham, for appellant.

Secondary evidence of the proof of death was erroneously admitted. Bates v. Ridgeway, 48 Ala. 611; Jones on Evi. §§ 209–219. If deceased's death was the result of leukemia, it was immaterial that his accident was a contributing cause. 4 Cooley's Briefs, 3201; Barry v. United States Mutual Accident Ass'n (C. C.) 23 F. 712. Defendant should have had the affirmative charge. 1 Cooley's Briefs, 246; Sharpe v. Commercial Travelers' Mut. Acc. Ass'n, 139 Ind. 92, 37 N. E. 353; 4 Cooley's Briefs, 3177; Stokely v. Fidelity & Casualty Co. of New York, 193 Ala. 90, 69 So. 64, L. R. A. 1915E, 955.

W. E. Howard, R. H. Scrivner, and J. M. Gillespy, Jr., all of Birmingham, for appellee.

Appellant was not entitled to the affirmative charge; the issue was correctly submitted to the jury. Stokely v. Fidelity & Casualty Co. of New York, 193 Ala. 90, 69 So. 64, L. R. A. 1915E, 955; Modern Woodmen Acc. Ass'n v. Shryock, 54 Neb. 250, 74 N. W. 612, 39 L. R. A. 826; 4 Cooley's Briefs, 3203. Recovery is not precluded by reason of a diseased condition of the body, existing when the accident occurred, if the accidental injury was the inciting, efficient, and predominating cause of death. 7 Cooley's Briefs, 1282; Fidelity & Casualty Co. v. Meyer, 106 Ark. 91, 152 S. W. 995, 44 L. R. A. (N. S.) 493. Admissibility of secondary evidence is generally left to the sound discretion of the trial court. Sorrell v. Scheuer, 209 Ala. 268, 96 So. 216. The amendment did not constitute a departure

from the original suit. Elmore, Quillan & Co. v. Cunningham, 4 Ala. App. 650, 58 So. 1004.

SAYRE, J. Suit on a policy of accident insurance. Insured, deceased, being at the time in the discharge of his duties as a locomotive engineer happened to an accident in which his heel was broken, and the evidence adequately opened the way to a finding by the jury that he was otherwise hurt; but of other hurt there was no external or visible sign. This was on May 20, 1924. Following his injury insured was confined to an hospital for 10 days and thereafter to his home until his death, July 1, 1924. The defense was that insured died of disease and hence that the contingency of his death was not covered by the policy in suit which insured him "against loss resulting from bodily injuries effected directly, exclusively and independently of all other causes through external, violent and accidental means."

We think it must be conceded that the great weight of the evidence went to show that the predisposing cause of the death of insured was a disease designated by the medical experts as myelogenous leukemia, a disease of the blood and blood-making organisms, an incurable disease from which insured had suffered for some time before the accident referred to, not, however, to a degree that disabled him to perform his active duties as a locomotive engineer; but it appeared with equal certainty that the injury or injuries he suffered on the occasion of the accident hastened his death and in that sense and meaning was a contributory cause.

[1] The question thus presented, viz. whether death so caused may be said to have resulted from "bodily injuries effected directly, exclusively and independently of all other causes through external, violent and accidental means," within the true intent of the policy—this question has been differently decided by different courts of last resort. Some of the cases hold that:

If "the effect of the accident is merely to aggregate a pre-existing condition, such as disease, which is the cause of death, the excepted risk, and not the accident, must be regarded as the proximate cause." 4 Cooley's Briefs on the Law of Insurance, p. 3179.

Again on page 3201 of the same work authorities are cited to this effect:

"If the disease aggravated the effect of the accident, and but for the existence of the disease the accident would not have been fatal, or if the accident aggravated the disease, the exception will relieve the insurer from liability."

Both parties to this appeal seem to find comfort in Stokely v. Fidelity & Casualty Co. of N. Y., 193 Ala. 90, 69 So. 64, L. R. A. 1915E, 955. In that case, considering the meaning to be fairly and justly attributed to language substantially the same as that quoted above from the policy here in suit, we said:

"Frequently literal construction does not carry the interpreter far, and to hold that the insurer in policies of this character is answerable only in the event the death of the assured is caused by bodily injury to the absolute exclusion of all other contributing causes, to hold, in other words, that the physical injury must have been of such violence and extent as to have inevitably produced death, regardless of all other conditions and circumstances, would leave scarcely any field in which the contract would operate to afford protection —would well-nigh nullify the policy. Evidently the contracting parties did not intend this; at least, it is safe to say the assured did not intend this; and such contracts are construed with favor to the assured, with a view to giving him the protection it must be presumed he thought he was getting when he entered into the contract.

"On the other hand," we also said, "cases occur in which the mind is irresistibly driven to the conclusion that causes, other than those against which the insurer, on any fair interpretation, intended to give protection, have materially contributed to the result. In such cases that which is ordinarily a question of fact becomes a question of law and is properly determined by the court."

And it is insisted that such was this case and that the general charge, requested for defendant in varied form, should have been given.

Let it be noted that the decision in the case from which we have quoted—at unnecessary length perhaps—was that, on the facts there shown, there was no accident within the meaning of the policy. In the present case there is no question whether insured happened to an accident; the only question is one of proximate cause. The policy, we think, in effect defines, for cases of this sort, proximate cause as a bodily injury "effected directly, exclusively and independently of all other causes through external, violent and accidental means." In some of the cases denying recovery on facts of the same general character as those here involved the policies contained a stipulation that the insurance thereby provided did not cover "any death which resulted wholly or in part directly or indirectly from disease or bodily infirmity," and it may be conceded that, had the policy here in suit contained a clear and unlimited stipulation to that effect, there could be no recovery. This policy does provide that:

"This insurance shall not cover accident, injury, loss of limb or sight, or disability which shall result wholly or partly, directly or indirectly from war or riot, from bodily or mental infirmity, or from disease in any form," etc.

But the policy appears to discriminate between disability and death and it may reasonably be said that the last-quoted provision deals with cases of disability and not death,

and, at any rate, there is the stipulation, quoted in the outset of this opinion and of the policy, "against loss"—meaning, evidently; disability or death—"resulting from bodily injuries effected directly, exclusively and independently of all other causes through external, violent and accidental means," wherein the policy seems to deal with the cause of the accident rather than the cause of death in its requirement of exclusive and independent causation. Our judgment is that the policy requires that the accident shall be the efficient cause of the loss suffered, whether as disability or death; that is, the cause acting as the immediate agency in the production of the loss. To such a case the language of the Supreme Court of Arkansas in Fidelity & Casualty Co. v. Meyer, 106 Ark. 91, 152 S. W. 995, 44 L. R. A. (N. S.) 493, may be aptly quoted:

"Where accidental injury aggravated a disease, and thereby hastened death so as to cause it to occur at an earlier period than it would have occurred but for the accident, it is the direct, independent, and exclusive cause of death at that time. But, on the other hand, if death resulted from the co-operation of a pre-existing disease and an accidental injury, and would not have occurred from the injury save with the co-operation of the disease" (as was probably the case here, though that was a question for the jury), "then it resulted in part, indirectly, from the disease, so as to exclude liability under a policy which embraced the last-stated clause (meaning the clause shown by some of the cases, in which the insurance did not cover 'any death which resulted wholly or in part, directly or indirectly, from disease or bodily infirmity).' * * * The phrase, 'resulting directly, independently and exclusively in death,' refers to the efficient, or, as some courts speak of it, the predominant, cause of death at the time it occurs. In other words, it means the proximate cause; whereas, the other phrase employed in some policies excepting liability where death has resulted, 'wholly or in part, directly or indirectly, from disease or bodily infirmity,' refers to another contributing cause, whether proximate or remote."

[2, 3] The provisions of this policy with respect to the point under consideration are dubiously framed. In such case the purpose of interpretation is, within the terms of the policy, to advance the object of the obligation and secure to the insured the protection he had reason to think he was getting. It results in our opinion that the question of liability was one for jury decision, and that charges A, B, a, 1, 2, 6, 7, 10, and 12, requested by defendant, were refused without error.

[4] Reversible error cannot be predicated on the refusal to defendant of the charge numbered 10. The substance, in every particular, of this charge was given to the jury in the court's oral charge.

[5] It was within the discretion of the trial court to allow plaintiff to make a demand at the trial for the production of the proof of death and physician's certificate, previously furnished by plaintiff to defendant, as a predicate for the admission of secondary evidence of those documents. On statements made by counsel in open court the court was justified in the inference that the papers inquired about were so near at hand that they might have been obtained without delaying the trial of the cause. And, for that matter, it was stated by counsel, and not denied, that demand for the production of the papers had been previously made. There was, therefore, nothing in the court's ruling opposed to any statement of proper practice to be found in Bates v. Ridgeway, 48 Ala. 611.

[6] Nor did the court err in permitting the amendment of the complaint by the addition of count 2. The original complaint, count 1, declared on a policy of life insurance. The amendment alleged a policy insuring the life of the insured against loss by accident. There was no allegation of a new and different cause of action, but only an amplification of the original complaint.

The judgment for plaintiff is affirmed.

GARDNER, MILLER, and BOULDIN, JJ., concur.