328 So.2d 608

**STATE FARM MUTUAL AUTOMOBILE IN-SURANCE COMPANY, a corporation**

v.

**Linda WRIGHT, as Administratrix of the Estate of Louie Harold Boone, Deceased.**

**Civ. 784.**

Court of Civil Appeals of Alabama.

March 10, 1976.

Dortch, Wright & Ford, Gadsden, for appellant.

George C. Hawkins, Gadsden, for appellee.

HOLMES, Judge.

This is an appeal from a jury verdict and judgment thereon in the Circuit Court of Etowah County.

The action was on a policy of insurance. The jury found against defendant-appellant State Farm Mutual Automobile Insurance Company, and in favor of plaintiff-appellee Linda Wright, in her capacity as administratrix of the estate of Louie Harold Boone, deceased. State Farm now prosecutes this appeal.

The issues for our determination are whether the trial judge erred to reversal in his oral instructions to the jury, whether plaintiff-appellee presented sufficient evidence for the jury to receive the case, and the construction to be accorded the dispositive provision of the insurance policy.

The record reveals the following pertinent facts:

Louie Harold Boone was the mayor of Reece City, Alabama, and a member of that town's volunteer fire department. On the night of December 19, 1973, in his capacity as a volunteer fireman, Boone was attempting to extinguish a burning tree adjacent to U.S. Highway 11. While Boone was operating a fire hose, the tree split in two and fell on him. Boone was pinned to the ground on his stomach underneath the fallen tree. The fallen tree extended out into the highway far enough to block one lane.

The tree lay across Boone's upper legs and all efforts to extricate him failed. Boone was conscious, talked rationally with others present at the scene, leaned on his elbows and otherwise moved his upper body.

Boone had been pinned beneath the tree in this fashion for approximately five minutes, when a car traveling approximately 60 mph came down the highway and struck the tree. The impact knocked the tree some two feet into the air. While thus temporarily freed, Boone rolled over on his back. The tree then fell on him again.

Boone made a groaning sound when the car struck the tree. After this incident, he was unconscious and did not move. Some type of fluid was observed to be running out of his mouth. The tree was removed by a wrecker and Boone was taken to a local hospital where he was pronounced dead. The death certificate properly admitted into evidence listed the cause of death as a crushing injury to the pelvic area.

Suit was brought on the following provision of Boone's automobile insurance policy:

"Division 1—Death Indemnity. To pay the amount stated . . . in event of the death of each insured which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while occupying or through being struck by an automobile, . . . ."

As noted earlier, the jury found for plaintiff-appellee in the $10,000 face amount of the policy, and the defendant-insuror appealed.

Defendant-appellant initially contends that the trial judge erred to reversal in his oral charge by incorrectly defining the defenses presented by appellant, and by commenting on the evidence.

Rule 51, ARCP, provides in pertinent part:

"No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. . . ."

Appellant did not object to that portion of the charge which it contends incorrectly delineated appellant's defenses, and which contains a statement argued to be a comment on the evidence. As such, it may not do so on appeal. Rule 51, ARCP; *Roebuck Auto Sales, Inc. v. Wallace,* 293 Ala. 231, 301 So.2d 546. Appellant did object to another part of the charge, in which the court allegedly commented on the evidence. However, such was not stated as the ground of the objection. Therefore, appellant may not on appeal predicate error on that ground. Rule 51, ARCP; Wright & Miller, *Federal Practice and Procedure: Civil* § 2554; *Sinclair Refining Co. v. Howell,* 5 Cir. 222 F.2d 637.

Appellant, by means of an excellent brief, next argues that the trial judge in his charge erred to reversal by his interpretation of the policy provision set out above. The trial judge charged the jury that, in order for defendant-appellant to be liable under the policy, Boone's death must have been proximately caused by the automobile striking the tree. Appellant contends that under the wording of the policy the automobile must have been the sole cause of Boone's death, so that the charge on proximate cause was incorrect.

The policy provision in question, or its equivalent, has been construed many times by the appellate courts of Alabama, albeit in connection with accidental injury rather than automobile policies. The construction placed on such provisions is that they speak in terms of proximate cause and not sole cause. The instant provision would thus require the automobile to be the proximate cause of Boone's death.

In *Benefit Ass'n of Ry. Employees v. Armbruster,* 217 Ala. 282, 284, 116 So. 164, 166, the court said:

"Some of the courts, including our own, have construed this clause to mean that the accident shall be the proximate cause of death and not exclusive of other conditions, means, or circumstances. *Standard Accident Ins. Co. v. Hoehn,* 215 Ala. 109, 110 So. 7. . . ."

In the *Hoehn* case, it was stated:

"Our judgment is that the policy requires that the accident shall be the efficient cause of the loss suffered, whether as disability or death; that is, the cause acting as the immediate agency in the production of the loss. To such a case the language of the Supreme Court of Arkansas in *Fidelity & Casualty Co. v. Meyer,* 106 Ark. 91, 152 S.W. 995, 44 L.R.A.(N.S.) 493, may be aptly quoted:

"'* * * The phrase, "resulting directly, independently and exclusively in death," refers to the efficient, or, as some courts speak of it, the predominant, cause of death at the time it occurs. In other words, it means the proximate cause; . . .'" (215 Ala. at 111, 110 So. at 9)

See also *First National Bank of Birmingham v. Equitable Life Assur. Soc.,* 225

Ala. 586, 144 So. 451; *United Ins. Co. of America v. Ray,* 271 Ala. 543, 125 So.2d 704; *Union Central Life Ins. Co. v. Scott,* 286 Ala. 10, 236 So.2d 328.

We cannot perceive any reason to alter this settled construction due to the fact that we are here concerned with a policy of automobile insurance rather than one insuring against accidental injury generally. The pertinent language of the instant policy is the same as that found in policies which were considered in several of the cases cited above. For example, in *United Ins. Co. of America v. Ray, supra,* the policy read in applicable part:

"'Against loss of life, limb, sight or time resulting directly and independently of all other causes from accidental bodily injury sustained while this policy is in force, hereinafter called "such injury."'" (271 Ala. at 545, 125 So.2d at 706)

It follows that the trial judge did not err by charging the jury on proximate cause in the context of the charge as given. When the trial court's charge is viewed in its entirety, proximate cause is effectively related to the terms of the policy. The following is of particular import:

"So, the question for your determination, gentlemen, is simply whether or not the tree's falling caused the death of this man, or whether or not under the wording and under the application of that principle of proximate cause of this policy whether or not he was struck by an automobile and his death ensued as a consequence of that."

The charge as a whole thus adequately conveys that the causation referred to by the policy provision in question is proximate causation.

■ Appellant further contends there was insufficient evidence to negate the conclusion that Boone's death resulted solely from the tree falling on him. Appellant thus argues it was entitled to a directed verdict. However, it is settled law that Alabama adheres to the scintilla evidence rule. 18A Ala.Dig. Trial ⊕139(1)h, and cases cited thereunder. We cannot say there was not a scintilla of evidence in this case that the automobile caused Boone's death, within the meaning of the policy. It is particularly noted, as seen from the above, that there is evidence that Boone's condition was drastically altered after the automobile struck the tree.

■ Appellant's final argument is that the policy term "struck by an automobile" means actual physical contact between the automobile and the victim. While appellant has cited us no Alabama cases on this point, and we have found none, appellant concedes that the weight of authority from other jurisdictions is that physical contact is not required by this policy provision. See 33 A.L.R.3rd 962. Bearing in mind the settled principle that insurance contracts, where ambiguous, are to be construed most strongly against the insuror and most favorably to the insured, *Life Ins. Co. of Georgia v. Miller,* 292 Ala. 525, 296 So.2d 900, this court holds in accordance with the majority rule that the instant provision requires no actual physical contact between the automobile and the insured.

■ The insuror could have specifically restricted the scope of its coverage to occasions of physical contact between automobile and insured. However, it chose instead to rely on more general language. As in this case, an automobile may in many instances by striking an intermediate object cause that object to injure a person. The automobile is then the causative force behind the injury, the means by which it is effected. The language of insurance contracts is to be given its ordinary meaning, *Commercial Standard Ins. Co. v. New Amsterdam Cas. Co.,* 272 Ala. 357, 131 So.2d 182, and the normal meaning of the term "struck by" includes occurrences such as we have here described. As such, to say that a person so

injured is not "struck by" an automobile within the meaning of the policy provision, is to deprive the insured of the protection which he would reasonably expect from that provision. In such instances, the individual is struck by an automobile as surely as if the vehicle had physically run him over.

All issues presented having been considered, and there being no error in the record, the case is due to be affirmed.

AFFIRMED.

WRIGHT, P. J., and BRADLEY, J., concur.