HOLMES, Judge.
The plaintiff sued the defendant-insurance company. The plaintiff claimed certain medical expenses which were incurred by his wife were covered by a policy of insurance. The defendant-insurance company denied coverage. The trial court, sitting without a jury, entered a judgment for the plaintiff in the amount of $4,817.61.
The defendant appeals. We affirm in part and reverse in part.
The dispositive issue is whether certain surgery performed on the wife was excluded from coverage under the policy of insurance.
A review of the record reveals the following:
The wife suffers from several birth defects. These include the absence of the right chest muscle which lies under the breast, rib cage deformities and curvature of the spine. Prior to the surgery performed on the wife, she also had what the surgeon described as “an abnormally large” left breast which was “approximately four times the normal size” and what was termed “at best, a small” right breast. In addition, the wife is of slight build.
The wife consulted a surgeon experienced in reconstruction of female breasts. The surgeon recommended a surgical procedure whereby the wife’s left breast would be reduced in size and the right breast would be increased in size to the approximate extent of the left breast.
The above surgery was performed on the wife in two parts. The first operation reduced the size of the left breast by approximately one-third. The second operation increased the size of the right breast to the extent that it looked like the left breast.
Subsequent to the above surgery, the plaintiff made a claim on his group medical insurance under which the wife was a covered dependent. The defendant-insurance company denied coverage stating that the surgery was merely cosmetic, that it was not for the prompt repair of a non-occupational accidental injury, and further, that it did not improve the functioning of a malformed body member.
The insurance policy, in pertinent part, is as follows:
Covered Medical Expenses are the reasonable charges which an employee is required to pay for the following services and supplies received by a covered family member for the necessary treatment of any non-occupational injury or non-occupational disease:

Hospital Expenses and Other Medical Expenses incurred in connection with cosmetic surgery necessary for the prompt repair of a non-occupational injury . are included . . . . No other expenses for cosmetic surgery are included as Covered Medical Expenses.
The case was tried on the theory and the defendant concedes that thé above policy extends coverage to cosmetic surgery for improvement of the functioning of a malformed body member.
As indicated above, the trial court determined that the surgery was within the coverage of the policy. In its order, the trial court specifically found that coverage existed because the surgery resulted in an improvement of the wife’s bodily functions.
*470 The defendant, through able counsel, contends that the trial court erred in this instance because the evidence does not support a finding that the surgery improved any of the wife’s bodily functions. In the alternative, the defendant contends that even if the reduction of the size of the left breast did improve bodily functions, the surgery to increase the size of the right breast was a mere cosmetic operation and in no way improved the wife’s bodily functions.
At the outset, we note that a policy of insurance will be construed liberally in favor of the object to be accomplished, and in appropriate circumstances its provisions will be strictly construed against the insurance company. See, State Farm Mut. Auto Ins. Co. v. Wright, 57 Ala.App. 356, 328 So.2d 608 (1976); 12 Ala. Digest Insurance Key 146.7.
In addition, where a case is heard without a jury, there is a presumption in favor of the findings of fact made by the trial court and we will not reverse such findings unless plainly and palpably wrong or unless the trial judge takes an erroneous view of the law as applied to the facts. Ala. Farm Bureau Mut. Ins. Co., Inc. v. Davis, Ala.Civ.App., 354 So.2d 15 (1978).
With this is mind, we turn to the disposi-tive issue.
As indicated above, the initial issue is not whether the surgery performed was cosmetic. The issue is whether the surgery improved the wife’s bodily functions. Put another way, if the surgery improved the wife’s bodily functions, the fact that the surgery has a “cosmetic effect” does not remove the surgery from coverage.
Our research does not disclose a case which involved the precise facts and issues which are present in this instance.
In any event, the evidence in this instance consisted of the deposition of the surgeon who performed the surgery and the testimony of the wife.
The surgeon stated that the reduction of the size of the wife’s left breast would probably improve the wife’s overall bodily functions. That is, prior to the surgery, the combination of the wife’s birth defects, including her large left breast, caused her posture to be “out of alignment.” By eliminating some of the weight of the left breast; the wife’s carriage was improved somewhat.
In addition, the wife testified that before the surgery she experienced neck and back pain because of the pulling of the extra weight of her left breast. After the surgery, this pain ceased. The surgeon’s deposition corroborated the fact that this type of problem is frequently found in women with enlarged breasts.
The above evidence indicates that reduction of the size of the left breast did, in fact, improve the wife’s bodily functions. Thus, we find that the trial court did not err in finding that coverage extended to the surgery on the wife’s left breast.
As indicated above, the surgery was performed in two parts with the left breast first being reduced in size and six months later the right breast being increased in size. The record indicates that the expense associated with the first surgery was $2,556.61 and the expense associated with the second surgery was $2,274. These expenses were stipulated to represent reasonable charges. In this instance, the trial court allowed recovery for both operations. Apparently, the trial court determined that the two operations were so interrelated that they had to be considered as one surgery. Stated differently, the trial court determined that increasing the size of the right breast also improved the wife’s bodily functions. We disagree.
As indicated above, the wife’s right breast was not deformed. The surgeon’s deposition was that “at best, it was small.” Both the surgeon’s deposition and the wife’s testimony clearly indicate the right breast was increased in size to make it look like the left breast or to make it symmetrical with the left breast.
We have thoroughly reviewed the record and cannot find any evidence that the sur *471 gery on the right breast in any way improved the wife’s bodily functions. That is, the operation to increase the size of the right breast was done for the sole purpose and had the sole effect of making the right breast look like the left breast. It was therefore, at best, merely a cosmetic operation and, as indicated above, was performed six months after the surgery on the left breast.
There is authority for the proposition that a non-covered operation may be covered where it is merely incidental to performing an operation which is covered. However, this principle should not be carried to the extent of permitting coverage of distinct acts when not essential to the effective and proper treatment of the covered condition. See, Couch on Insurance 2d § 41.854.
In view of the above, a judgment in only the amount of $2,551.61 is supported by the evidence.
The judgment is affirmed in part, reversed in part, and remanded for entry of a judgment not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P. J., and BRADLEY, J., concur.