BRADLEY, Judge.
This is a paternity case.
On November 21, 1979 Betty Henderson charged Charles A. Cox with paternity. The child had been born September 25,1979 in Atlanta, Georgia.
The facts indicate that Henderson met Cox in February of 1978 while she was taking flight training at Montgomery Aviation. They began dating at this time. Cox became a pilot for Braniff Airlines in December 1978. At this time he moved away from Montgomery.
*1022 In January 1979 Cox was staying at a motel in Denver, Colorado. At that time Henderson flew to Denver to see Cox. She stated this visit was at his invitation; however, he denied this. In any event, when she arrived she had a man she met on the plane drive her to Cox’s motel.
It is unclear whether she arrived in Denver on January 2 or 3. Nevertheless, Cox stated upon her arrival he allowed her to stay in his motel room because it was late. He further stated that he had sexual relations with her that night at her insistence. She testified, however, that she and Cox had sexual relations every night of her stay. She finally left Denver on January 6, 1979 because Cox bought her a plane ticket so she could return home.
Henderson told Cox that she was pregnant in mid-January. She went to see Dr. Conrad Walters on January 30, 1979. A pregnancy test was run with negative results. On February 19 another pregnancy test was run which was positive. A test conducted on March 19 indicated that Henderson was over two months pregnant. The child was born on September 25, 1979.
The paternity charge was prosecuted by the state in the District Court of Montgomery County. On October 31, 1980 the district court found Cox guilty of paternity. Cox appealed to the circuit court on November 7, 1980.
On July 27, 1981 the circuit court sitting without a jury found Cox not guilty of paternity. A motion for new trial was filed August 21, 1981. The motion was denied September 3, 1981. From that judgment the state appeals to this court.
Four issues are raised in this appeal. The first issue concerns whether the trial court erred in striking twelve pages from the record on appeal to this court. The second issue is whether the trial court erred in excluding certain blood tests. The third issue involves the admission of letters written by the mother to the reputed father. The final issue is whether the trial court’s finding that Cox was not the father is against the clear weight of the evidence.
As its first issue, the state argues that the circuit court erred in striking from the record on appeal twelve pages which concern matters that were considered by the district court. These twelve pages contain the pleadings and order of, and the notice of appeal from, the district court suit, as well as doctors’ reports concerning the results of various blood tests ordered by the court. A motion to strike the pages from the record was filed in the circuit court by Cox after an appeal to this court had been taken by the state. The circuit court granted the motion to strike, and the state contends that this was error.
From a review of the record before us, we cannot find any indication that the state attempted to offer the results of the various blood tests into evidence at any time during the course of the trial in the circuit court. In the absence of an offer on the part of the state of the blood test results and a subsequent ruling by the circuit court on that offer, there is nothing for this court to review. See Parker v. Parker, 392 So.2d 229 (Ala.Civ.App.1980). The circuit court could properly have excluded those pages from the record on appeal.
We note, however, that among those pages excluded from the record there were a number of documents which would establish the disposition of the case in the district court and the jurisdiction of the circuit court to hear the case. These matters could rightfully remain in the record on appeal. The ruling of the court in this matter, although error in part, does not affect the substantial rights of the parties, and thus does not constitute reversible error. See A.R.C.P. 61.
As its second issue on appeal, the state argues that it was error for the trial court to exclude the results of a blood test known as the Human Leucocyte Antigen (HLA) test. Again, we cannot find any indication in the record that the state attempted to offer the results of that blood test into evidence during the course of trial at the circuit court level. There is consequently no ruling by the trial court to be *1023 considered on appeal. See Parker v. Parker, supra.
As its third issue the state contends that the court erred in admitting certain letters written by Henderson to Cox. During the course of the trial, counsel for defendant Cox attempted to offer into evidence certain sentences contained in those letters, apparently for the purpose of proving that Henderson became pregnant before her visit to Cox in January of 1979. These sentences were read into evidence, and Henderson’s testimony concerning those statements was elicited. At the close of the evidence, however, before rendition of judgment, there was apparently some discussion concerning the censoring of the letters to exclude all other parts of the letter not germane to the issue. At that time counsel for Cox withdrew the offer of those letters and the statements contained therein. As a result, the statements of which the state complains were not before the trial court for consideration. We can find no reason for objection here.
Finally the state argues that the finding that Cox was not the father is against the clear weight of the evidence. Where a case is heard without a jury, there is a presumption in favor of findings of fact made by the trial court, and this court will not reverse such findings unless plainly and palpably wrong. Aetna Life Insurance Co. v. Martin, 386 So.2d 468 (Ala.Civ.App.1980). In this case we cannot find that the trial court erred.
The evidence in this case was hotly disputed. Henderson testified that the only time she had had sexual intercourse during the period of gestation was when she visited Cox in January. Cox, however, tried to show that Henderson had been alone with other men during the same period of time. He showed that she went dancing quite often. Also he showed that while she was in Denver she went out alone with another man.
Further, the trial court had the opportunity to observe the witnesses and their demeanor. We cannot say that there was such a plain abuse of discretion in this case as to warrant reversal.
As a result, the judgment is affirmed. AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.