HOLMES, Judge.
The plaintiff sued the defendants for damage to his automobile allegedly caused by the defendants’ negligence.
A jury trial was held and at the close of plaintiff's case both defendants moved for a directed verdict. The trial court granted a directed verdict in favor of the defendant, the City of Huntsville, but allowed the plaintiff to reopen his case against defendant Broadway. After additional evidence was heard, the plaintiff rested and Broadway moved for a directed verdict.
The trial court granted Broadway’s motion for a directed verdict and the plaintiff now appeals. We find no error and affirm.
The dispositive issue on appeal is whether the trial court erred in granting a directed verdict on plaintiff’s claims.
A directed verdict is proper only when there is a complete absence of proof on an issue material to the claim or where there are no disputed questions of fact on which reasonable people could differ. Caterpillar Tractor Co. v. Ford, 406 So.2d 854 (Ala.1981). In considering a motion for directed verdict, the trial court must apply Rule 50(e), Alabama Rules of Civil Procedure, under which “a question must go to the jury, if the evidence or any reasonable inference arising therefrom, furnishes a mere gleam, glimmer, spark, ... or a scintilla in support of the theory of the com-plaint_” Caterpillar Tractor Co. v. Ford, at 856.
In the present case, the plaintiff through able counsel sought to recover from the defendants on a theory of “negligent, careless, or unskillful” handling of the automobile during impoundment procedures so as to cause damage to the automobile.
The evidence at the trial revealed that the plaintiff was arrested one night and taken into police custody. The Huntsville City Police impounded plaintiff’s automobile. Broadway Wrecking Service was called in by the police to move the vehicle. The plaintiff had already been taken away by the time Broadway arrived.
When plaintiff reclaimed his automobile, there was extensive damage to the fiberglass body of the vehicle. Plaintiff presented evidence that this damage did not exist prior to the impoundment and that such damage could have been the result of improper towing. However, plaintiff did not establish that the vehicle was ever towed on this occasion. In fact, the evidence showed that the wrecking service and the police officers involved knew that the stress and strain of towing a vehicle with a fiberglass body could cause damage and that the wrecking service drove the automobile away. The plaintiff presented no other evidence as to how the automobile could have been damaged other than by towing.
To be entitled to a directed verdict on a theory of negligence, plaintiff must prove, to the exclusion of any contrary reasonable inference, that defendants owed a duty, and that they breached that duty, and that breach of duty was the proximate cause of plaintiff’s injuries. Alabama Power Co. v. Taylor, 293 Ala. 484, 306 So.2d 236 (1975).
In the present case there was no evidence that the City of Huntsville or Broadway committed a breach of duty. The only evidence relevant to this issue consisted of the fact that plaintiff’s automobile was damaged and that such damage could have been caused by towing the vehicle. However, the evidence tends to establish that the automobile was not towed. Any guess as to how the damage was actually caused would be mere speculation.
Plaintiff also raises additional issues which either were not raised at trial, or properly presented and argued on appeal. Hence, we need not consider these issues. Tallant v. Grain Mart Inc., 432 So.2d 1251 (Ala.1983); Ford v. Alabama By-Products, 400 So.2d 380 (Ala.1981); Alabama Rules of Appellate Procedure, Rules 4 and 28.
In view of the foregoing, plaintiff did not present a scintilla of evidence in support of his theory of negligence. Therefore, the *869 trial court did not err in granting directed verdicts as to both defendants.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.