[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 1, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11077
Non-Argument Calendar

_____

D. C. Docket No. 06-00161-CV-BH-C

KIMBERLY S. RIDGEWAY,

Plaintiff-Appellant,

versus

PROGRESSIVE HALCYON INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(October 1, 2007)**

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

This appeal arises from a personal injury action brought by Kimberly

Ridgeway ("Ridgeway") seeking to recover benefits under the "Uninsured/Underinsured Boater Coverage" section of a Progressive Halcyon ("Progressive") watercraft insurance policy. The district court granted summary judgment in favor of Progressive, finding that no coverage was due under the terms of the policy.

Ridgeway alleges that two unidentified vessels acted negligently and wantonly by driving too closely to the boat in which she was riding, and too fast for the area and the crowded conditions. Ridgeway was severely injured when the wake from the two boats caused her boat to rock, forcing her into the air and to land hard on the seat of the boat. As a result of the fall, Ridgeway suffered fractured vertebrae and partial paralysis from the waist down.

The boat in which Ridgeway was riding belonged to her husband, and was covered by an Alabama Boat and Personal Watercraft Policy issued by Progressive. Ridgeway was identified in the policy as a driver and household resident. The policy includes coverage for up to $250,000 for uninsured boater coverage. The policy also states that "any disputes as to the coverage provided or the provisions of this policy shall be governed by the law of the state listed on your application as your residence." Ridgeway and her husband are both residents and citizens of the State of Alabama.

The Uninsured/Underinsured portion of the policy provides in pertinent part:

Subject to the limits of Liability, if you pay a premium for Uninsured Boater Coverage, we will pay for the damages, other than punitive or exemplary damages, which an insured person is entitled to recover from the owner or operator of an uninsured watercraft because of bodily injury:
1.      sustained by an insured person
2.      caused by an accident; and
3.      arising out of the ownership maintenance or use of an uninsured watercraft.

Under the "Additional Definitions" section of the policy, it defines "uninsured watercraft" as a watercraft "that is a hit and run watercraft whose owner or operator cannot be identified and which *strikes*" a covered individual or watercraft. (emphasis added).

It is undisputed that neither of the unidentified boats made actual physical contact with Ridgeway or the boat in which she was riding. Nonetheless, she contends that the terms of the policy apply to her claim because Alabama law makes clear that the uninsured boats "struck" the Ridgeway boat.

We review the district court's grant of summary judgment *de novo*, applying the same standards as the district court. *Nat'l Fire Ins. Co. of Hartford v. Fortune Constr.*, 320 F.3d 1260, 1267 (11th Cir. 2003). A motion for summary judgment should be granted when there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We review

3

the evidence and all reasonable inferences in the light most favorable to the non-moving party. *Nat'l Fire Ins.*, 320 F.3d at 1267.

The parties agree that Alabama law is the state law that is applicable in this case. It is well-settled law in Alabama that an insurance contract will be construed strictly against the insurer and liberally in favor of the insured. *Taliaferro v. Progressive Specialty Ins. Co.*, 821 So. 2d 976, 980 (Ala. 2001). On the other hand, we must give a term or phrases the meaning a person of ordinary intelligence would reasonably give it or as it is defined within the contract and "enforce the insurance policy as written if the terms are unambiguous." *Safeway Ins. Co. Of Ala., Inc. v. Herrera*, 912 So. 2d 1140, 1143 (Ala. 2005).

Alabama law makes clear that no physical contact is necessary for an individual to have been "struck by an automobile," where that phrase is used in an insurance policy. *See Tyler v. Ins. Co. Of North America*, 331 So. 2d 641 (Ala. 1976). In *Tyler*, the Fifth Circuit certified to the Alabama Supreme Court the question "[w]hether as a matter of Alabama law the word 'struck' . . . must be construed as requiring some sudden impact rather than any contact resulting from the motive force of the automobile and ending in injury." *Id.* at 644. The Alabama Supreme Court held that the term "struck by any automobile" in an insurance policy does not require actual physical contact. *Id.* at 646. In that case, Mr. Tyler

was killed when he was drug by a trailer rope attached to an automobile that inadvertently became looped around his foot during the launch of a boat. Under the facts of that case, the court found that Tyler had been "struck" by an automobile for purposes of his limited accident insurance policy. *Id.* The court held that "the words 'struck by an automobile' require either an impact between the injured and the automobile, or between the injured and something set in motion by the impact of the automobile upon it *or between the injured and something set in motion as a result of the automobile's force*." *Id.* (emphasis added). The court concluded "that a finding of contact with an object whose motive force is an automobile is sufficient to bring the facts within the meaning of 'struck by an automobile' as used in the contract of insurance in this case." *Id.*

Similarly, in *State Farm Mut. Auto Ins. Co. v. Wright*, 328 So. 2d 608 (Ala. Civ. App. 1976), the Alabama Court of Civil Appeals held that the insured was "struck by an automobile" because the automobile was the causative force behind the injury, even where there was no actual contact between the two vehicles. In that case, the insured, while acting as volunteer fireman, was pinned beneath a split tree. The tree was subsequently struck by an automobile, knocking the tree into the air. The tree fell back on top of the insured, resulting in his death. In finding that the insured had been "struck by an automobile," the court reasoned:

5

> [T]o say that a person so injured is not "struck by" an automobile within the meaning of the policy provision, is to deprive the insured of the protection which he would reasonably expect from that provision. In such instances, the individual is struck by an automobile as surely as if the vehicle had physically run him over.

*Id.* at 612.

Accordingly, Alabama law is clear that the term "struck," as used in insurance policies covering injuries caused by automobiles, does not require actual physical contact. If contact is made "between the injured and something set in motion as a result of the automobile's force," the person has been "struck" by the automobile under Alabama law. *Tyler*, 331 So. 2d at 646. We see no reason to distinguish between the meaning of the word "struck" in cases involving automobiles and the meaning of the word "struck" in the watercraft insurance policy at issue in this case. Under Alabama law, a wake set in motion by another boat, resulting in damages or injury to an insured vessel or individual, is a tangible force sufficient to fit the definition of the term "strikes" in the insurance policy.

Progressive contends that this reading of the policy would lead to absurd results because the word "'strike' may include any water movement vaguely, possibly, or even indirectly caused by another" boat. This, they argue, is the very risk inherent in taking any boat out on the water and which necessarily requires skill in boating—not the risk insured against by uninsured boater coverage. We

6

disagree. While the risks and dangers associated with operating a boat may in fact be different from those associated with operating a car, the differences do not compel us to interpret the term "strike" or "struck" in a different fashion in each context. The injury caused by an uninsured boat was the peril that the policy insured against. In this case, as was the case in *Wright* and *Tyler*, the uninsured boat was the causative force behind the injury. Ridgeway was struck as surely as if the vessel had run over her. *See Wright*, 328 So. 2d at 612.

In sum, we hold that the lack of actual physical contact by the uninsured, unidentified boat does not prohibit Ridgeway from recovering under the policy as a matter of law. However, we do not decide here whether she is ultimately entitled to a recovery. That is a matter for trial. We reverse the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**